### Appellate Department, Superior Court, San Bernardino

[Crim. A. No. 20. July 21, 1955.]

### THE PEOPLE, Respondent, v. WILFORD LEE MITCHELL, Appellant.

T. L. DeBord for Appellant.

Lowell E. Lathrop, District Attorney (San Bernardino), and Arthwell C. Hayton, Deputy District Attorney, for Respondent.

COUGHLIN, P. J.—This is an appeal from an order denying a motion to set aside a judgment and sentence upon a plea of guilty and for permission to withdraw the plea of guilty and enter a plea of not guilty.

After the notice of appeal was filed the judge of the trial court transferred all papers and documents in his file together with a transcript of his docket to the above-entitled court. Thereafter the appellant submitted a proposed statement on appeal. Without undertaking any certifying procedures this document also was transferred to this court. Thereupon this court made an order directing the judge of the trial court to certify a statement on appeal in the manner

prescribed by law. Subsequently there was filed in this court a document entitled "Defendants Proposed Statement on Appeal" and a document entitled "Respondent's Proposed Amendments to Statement on Appeal—Rule V." To the latter document there was attached a certificate signed by the judge, with these words: "This statement is hereby certified as a true and correct statement on appeal in the above entitled matter." No certificate was attached to defendant's proposed statement on appeal although there are additions and deletions to the document and a notation, "End of Certification, Art Manning." After the presentation of this inept record on appeal the appellant moved to strike the document entitled "Respondent's Proposed Amendments to Statement on Appeal." This motion was denied. Subsequently, the matter was heard on the merits and submitted, but upon review of the certified statement on appeal, it appeared that a letter which was considered by the trial judge and introduced as an exhibit in the proceedings, had not been forwarded to this court. Thereupon this court ordered the submission set aside and directed the judge of the trial court to supplement the record on appeal and transmit to it the letter in question. In compliance with the latter order this letter was delivered to this court.

The defendant, Wilford Lee Mitchell, was charged with a violation of section 647, subdivision 5 of the Penal Code, a misdemeanor. The complaint alleged that he was "wilfully and unlawfully an idle, lewd and dissolute person." Prior to arraignment before the judge in question, the defendant had been taken into custody and was told by the arresting officer "that the crime of Pandering was a felony; that while Pimping was a felony, Vagrancy was a misdemeanor." Thereafter the defendant was taken before the court and was duly arraigned. The judge handed a letter to the defendant asking whether or not the facts contained in the letter were true, to which the defendant replied "Yes, Judge, I guess that's true all right." The letter in question was signed by a Mary Hollenback and related that for over a week the defendant, who was a cab driver, brought men to her under an arrangement whereby the man would pay her $10 and she would pay the defendant $1.00. Thereupon the defendant entered a plea of guilty to the offense charged in the complaint, a misdemeanor, and the court sentenced him to 180 days in the county jail.

In his affidavit, filed in support of the motion to set

aside the judgment and permit him to withdraw his plea of guilty, the defendant stated "that he was threatened with a felony prosecution if he did not plead Guilty to a misdemeanor," and that the arresting officer "told him it would be a misdemeanor if he pled guilty and if he pled not guilty it would be a felony charge."

At the hearing upon the motion the police officer in question testified "that at no time while the defendant was being booked or prior to the entering of his plea or any time were any threats of force or violence or promise of leniency made by him or anyone in his presence to the defendant; that the defendant made certain statements to the officer wherein he admitted knowing the woman involved and that he had hauled fares in his cab to her house and that he had received money for this, knowing her to be a prostitute." (Respondent's Proposed Amendments to Statement on Appeal, p. 3, ls. 12-19.) At this hearing the defendant testified "that at no time during the proceedings of March the 16th had any threats, force or of phisical or violence been used against him; that at no time were there any promises of leniency or reward or immunity made to him." (Respondent's Proposed Amendments to Statement on Appeal, p. 4, ls. 27-30.)

The defendant contends that he entered his plea of guilty "because of his fear and the threats made against him."

■ The rule applicable to this case is stated in *People* v. *Butler,* 70 Cal.App.2d 553, 561 [161 P.2d 401] as follows:

". . . A plea of guilty may be withdrawn for mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment. ■ Although the permission to withdraw the plea is within the trial court's discretion, courts are, in general, liberal in allowing the plea to be withdrawn, especially where there is doubt of defendant's guilt. ■ A motion to vacate judgment and withdraw a plea of guilty is in the nature of a writ of error *coram nobis*. The judgment will be vacated only where some fact exists which, if before the court, would have prevented rendition of judgment, and which, without fault or negligence of the party, was not presented in court. ■ The fact of mistake, fraud, or duress must be established by convincing evidence in order to entitle the defendant to relief from a guilty plea. . . ."

The record on appeal substantiates an implied finding by the trial court that the defendant did not enter a plea of guilty because of his fear and threats made against him.

■ Moreover, even though this court accepts as true the statements made in the defendant's affidavit that he entered his plea of guilty because the arresting officer told him it would be a misdemeanor if he pleaded guilty and if he pleaded not guilty it would be a felony charge, these statements do not prove any fraud, threat, promise of immunity or other overreaching of the defendant's free and clear judgment. The case at bar is not similar to those cases where a defendant entered a plea of guilty upon a representation of leniency and after the entry of such plea the expected leniency was not extended him. There is no evidence of any misrepresentation in this case. The defendant was advised that if he did not enter a plea of guilty to a misdemeanor he would be charged with a felony. He did enter a plea of guilty and no felony charge has been made against him. This court does not believe that the acceptance, in good faith, of a plea of guilty to a lesser offense in lieu of prosecution on a greater offense constitutes any overreaching of the defendant's free and clear judgment. There is no evidence in the instant case that the defendant might not have been properly charged with a felony. ■ The statement of the defendant to the police officer, which is substantiated by the statement of the prostitute which the defendant admitted to be true, warranted the trial court in believing that the defendant properly could have been charged with the offense of pimping. (Pen. Code, § 266h.)

A consideration of the entire record on appeal establishes that the defendant complains not because judgment was pronounced on him under a plea of guilty, but rather, because he was sentenced to the county jail instead of receiving a small fine. ■ However, the leniency which he expected to receive in pleading guilty to a misdemeanor was not the result of any misrepresentation by anyone whomsoever, and is not ground for the relief he requests. (*People* v. *Butler*, 70 Cal.App.2d 553 [161 P.2d 401].)

The order is affirmed.

Hilliard, J., and Mitchell, J., concurred.